IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIN D.SCHMITT and JEFFREY C,     )
SCHMITT,                            )
                                 )  Civil Action No. 2:09-1517
            Plaintiffs,         )
                                 )  Judge David S. Cercone
              v.                    )  Magistrate Judge Lisa Pupo Lenihan
                                 )
STATE FARM INSURANCE COMPANY,     )  Doc. No. 3
                                 )
             Defendant.

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**

It is respectfully recommended that the Court grant Defendant State Farm Insurance

Company's Motion to Dismiss the claim for compensatory damages under Count II of Plaintiff's

Complaint.

**II.**     **REPORT**

Plaintiffs Erin D. Schmitt and Jeffrey C. Schmitt ("Plaintiffs") bring this case against

Defendant State Farm Insurance Company ("Defendant"), alleging breach of contract and bad

faith with regard to an insurance contract issued to Plaintiffs by Defendant.  In response,

Defendant submitted a Motion to Dismiss Plaintiffs' claim for compensatory damages in their

bad faith count pursuant to Federal Rule of Civil Procedure 12(b)(6).

### *Relevant Facts and Procedural History*

Plaintiffs purchased an insurance policy on their home through Defendants, which was in

effect on the date at which Plaintiffs discovered several inches of water laying on the family room

1

of their home. (Doc. No. 1, ¶¶ 6-8.)  Plaintiffs contacted Defendant regarding water damage to their home and personal possessions. (Doc. No. 1, ¶ 14.) Thereafter Plaintiffs spoke with at least five of Defendant's agents, who subsequently  arranged for the removal of Plaintiffs' damaged property, cleaning of the property, and authorized several payments to Plaintiffs' for replacement of damaged property. (Doc. No. 1, ¶¶ 22-61.)

Following the receipt of payment from Defendant, Plaintiffs discovered additional damages to the property and contacted Defendant regarding these damages. (Doc. No. 1, ¶ 62.) Plaintiffs submitted an inventory form detailing the additional damages, as requested by Defendant, and thereafter arranged for the repair of structural damages to their home. (Doc. No. 1, ¶ 69.) Plaintiffs assert that Defendant refused to reimburse Plaintiffs for the additional damages. (Doc. No. 1, ¶ 69.) Plaintiffs allege that Defendant materially breached the insurance policy issued to Plaintiffs by failing to remit full payment of Plaintiffs' covered losses.  (Doc. No. 1, ¶ 81.)

Plaintiffs further allege that Defendant acted in bad faith by failing to fairly, objectively, thoroughly and/or reasonably interpret the insurance contract between the parties; by failing to fairly, reasonably, and promptly pay Plaintiffs; and by searching for ways to deny coverage rather than searching for ways to provide cover age to Plaintiffs. (Doc. No. 1, ¶¶ 95-100.) Plaintiffs contend that this conduct violates both the common law implied covenant of good faith and fair dealing and Pennsylvania's Bad Faith Statute, 42 Pa.C.S. § 8371. (Doc. No. 1, ¶¶ 101-102.)

Plaintiffs request compensatory damages for the breach of contract claim, compensatory damages for the breach of implied covenant of good faith and fair dealing claim, compensatory damages for the statutory bad faith claim, punitive damages, attorney's fees and costs, and any other relief that the Court deems necessary and proper. (Doc. No. 1, ¶¶ 81, 104.) On November 16, 2009,

Defendant filed a Motion to Dismiss the request for compensatory damages under the bad faith count of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 3.) Defendant argues that while 42 Pa.C.S. § 8371 authorizes a court to award interest on the insurance claim, punitive damages, court costs, and attorney's fees, it does not authorize the award of compensatory damages. (Doc. No. 3, ¶¶ 5-6.)

### Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007); *Ashcroft v. Iqbal,* 129 S.Ct.1937, 1949 (May 18, 2009) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 556-57).

The Third Circuit Court of Appeals expounded on this standard in *Fowler v. UPMC Shadyside*, 578 F.3d 303 (3d Cir. 2009), stating that:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at*

3

1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555 n.3.

*Fowler*, 578 F.3d at 210; *accord. Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context). "'Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Fowler*, 578 F.3d at 210-11 (quoting *Iqbal,* slip op. at 14). "This plausibility determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.*

### Discussion

Pennsylvania's Bad Faith Statute governs Plaintiffs' statutory claim for compensatory damages. This statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs attorneys fees against the insurer.

42 Pa. C.S.A. § 8371(2007). Defendant asks that Plaintiffs' request for compensatory damages in their bad faith claim be dismissed. It argues that Pennsylvania's Bad Faith Statute (hereinafter "Section 8371") does not authorize the award of compensatory damages. Plaintiffs argue that their bad faith claims are not limited to claims arising under Section 8371 and therefore the claim for compensatory damages in the bad faith count is proper. (Doc. No. 9, p. 2.)

Section 8371 provides an additional remedy and authorizes the award of additional damages when a court finds that an insurer has acted in bad faith. *Birth Center v. St. Paul*

4

*Companies, Inc.*, 787 A.2d 376, 402 (Pa. 2001). Specifically, courts are authorized under the statue to award punitive damages, attorneys' fees, interest and costs. *Id.* at 402-403.  However, compensatory damages cannot be awarded under Section 8371. *Id.* at 403; *accord Miller Pools, Inc. V. Nationwide Mutual Ins. Co.*, No. 2005-366J, 2006 WL 2850443, at *10 (W.D. Pa. 2006). Section 8371 does not prohibit an award of compensatory damages, but any recovery of compensatory damages must come from a source other than Section 8371. *Miller Pools, Inc.*, 2006 WL 2850443, at *11.

Compensatory damages may be awarded under Pennsylvania common law, which has historically recognized the implied covenant of good faith and fair dealing in the context of insurance law. *Zaloga v. Provident Life and Acc. Inc. Co. Of America*, 671 F.Supp.2d 623, 630 (M.D. Pa. 2009). Plaintiffs assert that their claims for compensatory damages are not limited to claims under Section 8371, but also include a bad faith claim arising from Defendant's breach of the implied covenant of good faith and fair dealing, and therefore their claim for compensatory damages is proper. (Doc. No. 9, p. 2.)

While Plaintiffs are correct in asserting that compensatory damages may be awarded for a breach of the implied covenant, they nonetheless may not receive compensatory damages for their bad faith count. With regard to an insurance contract, the implied covenant of good faith and fair dealing acts as a term of the contract, and arises from the contract itself. *Zaloga*, 671 F.Supp.2d at 631. There is no independent cause of action for breach of the implied covenant of good faith and fair dealing because that breach is simply a breach of contract. *Id.* In the instant case, Plaintiffs assert a breach of contract claim as well as a bad faith claim. (Doc. No. 1) Therefore Plaintiffs' breach of the implied covenant of good faith and fair dealing claim merges

with Plaintiffs' claim for breach of contract, leaving compensatory damages available only for the breach of contract claim. *See Zaloga,* 671 F.Supp.2d at 631 ("a breach of the implied covenant of good faith and fair dealing merges with a breach of contract claim.").

Additionally, Plaintiffs' bad faith count relies upon Section 8371 for the award of damages, implying that the bad faith claims are in fact limited to claims under that section. The Complaint states "[w]herefore, pursuant to the statutory damages as provided for in 42 Pa.C.S. § 8371, Plaintiffs request relief in the form of compensatory damages with interest from the date the claim [was made] in an amount equal to the prime rate of interest plus three percent (3%), punitive damages, attorney's fees, costs, and any other relief that the Court deems necessary and proper." (Doc. No. 1, ¶ 104.) Since Plaintiffs' bad faith count relies primarily on Section 8371, and compensatory damages may not be awarded under that section, Defendant's Motion to Dismiss the claim for compensatory damages under Count II of Plaintiffs' Complaint should be granted.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that Defendant State Farm Insurance Company's Motion to Dismiss Count II of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) should be GRANTED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: April 16, 2010                    By the Court:

                                         _____
                                         LISA PUPO LENIHAN
                                         U.S. MAGISTRATE JUDGE


cc:     All Counsel of Record